UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NATHAN MCNULTY,<br><br>Defendant. | 5:22-CR-50076-02-KES<br><br>ORDER REJECTING REPORT & RECOMMENDATION AND REQUIRING MAGISTRATE JUDGE WOLLMAN TO RE-DO CHANGE OF PLEA HEARING |

On June 2, 2023, defendant, Nathan McNulty, appeared before Magistrate Judge Danetta Wollman for a change of plea hearing. Magistrate Judge Wollman issued a report recommending the court accept defendant's plea of guilty to the Superseding Information, which charges him with Misprision of a Felony, in violation of 18 U.S.C. § 4.

Under 18 U.S.C. § 4,

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

To convict a defendant of Misprision of a Felony, the government must prove four essential elements:

*One*, another person other than the defendant committed a felony;

*Two*, the defendant had full knowledge of that fact;

*Three*, the defendant failed to notify authorities that the crime had been committed; and

*Four*, the defendant took an affirmative step to conceal the crime. *See* 18 U.S.C. § 4; Model Crim. Jury Instr. 8th Cir. 6.18.04 (2021). Crucially, the Eighth Circuit has made clear that "this statutory offense requires proof of 'affirmative steps' to conceal a known felony" *United States v. Bolden*, 368 F.3d 1032, 1037 (8th Cir. 2004) (citing *Neal v. United States*, 102 F.2d 643, 646 (8th Cir. 1939)).

Here, at the change of plea hearing, Magistrate Judge Wollman failed to identify the fourth essential element—that the defendant took an affirmative step to conceal the crime—when listing the essential elements of 18 U.S.C. § 4. Indeed, at first, Magistrate Judge Wollman was about to read this element, but before doing so, stopped herself and said, "Excuse me, there's just the three elements." FTR Recording, June 2, 2023 RC Courtroom 2 at 9:26 a.m. Then, when McNulty's lawyer asked to clarify and asked Magistrate Judge Wollman to repeat the elements, Magistrate Judge Wollman repeated the first three elements and then said, "I had from a previous element sheet that he did something to affirmatively conceal the crime . . . and that's not accurate. That's not required under 18 U.S.C. § 4. I had that . . .that was incorrectly listed in my elements sheet." McNulty's lawyer said in response, "I concur with the latter listing of the three elements." Magistrate Judge Wollman then asked the government whether it agreed with the recitation of the three elements being the correct elements, and the government agreed.

But as stated above, 18 U.S.C. § 4 requires proof that the defendant took an affirmative step to conceal the crime. *See Bolden*, 368 F.3d at 1037. By failing to list this element, Magistrate Judge Wollman failed to advise the defendant of the essential elements of 18 U.S.C. § 4. Thus, the court finds the defendant did not knowingly plead guilty to this offense. Furthermore, likely because of the parties' apparent misunderstanding of the elements of this offense, the factual basis statement is insufficient to support a guilty finding as it provides no facts showing the defendant did in fact take an affirmative step to conceal evidence of a felony. *See* Docket 64 (stating only that the defendant "did not disclose to law enforcement that Cook had stolen it and did not take any steps to have the firearm turned over to law enforcement."). Thus, the court rejects this change of plea.

Additionally, the court also notes that it is questionable whether the factual basis statement is sufficient to show the second element—that the defendant had full knowledge that a crime had been committed. In the factual basis statement, it merely states that the defendant "learned that Cook had the firearm in his possession, and *assumed* that Cook had stolen it." *See id.* (emphasis added). The key question is whether the defendant knew that Cook had committed a felony, not whether the defendant knew Cook had a firearm. *See* 18 U.S.C. § 4 ("Whoever, having knowledge *of the actual commission of a felony* . . . ."). And with respect to the former, assuming something is not the

3

same thing as knowing something. Thus, without more, it is highly unlikely that there are sufficient facts to support this second element.

It is

ORDERED that the report and recommendation (Docket 73) is rejected.

It is FURTHER ORDERED that Magistrate Judge Wollman re-conduct this change of plea hearing and advise the defendant of all four essential elements of 18 U.S.C. § 4, as well as ensure there are sufficient facts to support the fourth element, that the defendant took an affirmative step to conceal evidence of a crime.

It is FURTHER ORDERED that Magistrate Judge Wollman ensure there are sufficient facts to support the second element, that the defendant knew that a felony had been committed.

Dated June 5, 2023.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE